UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASMINE SWEEZER,    )  |   |
|    Plaintiff,    )   |   |
| )   |   |
| vs.    )   | No. 17-1476 |
| )   |   |
| WEXFORD HEALTH    )   |   |
| SOURCES, INC., et.al.,    )   |   |
|    Defendants    )   |   |

SUMMARY JUDGMENT ORDER

This cause is before the Court for consideration of Defendants' Ashley Phillips, Dr. Kurt Osmundson, Dr. Vipin Shah, and Wexford Health Sources' Partial Motion to Dismiss. [23].  For the following reasons, the Medical Defendants' motion is granted in part and denied in part. [23].

I.  BACKGROUND

Plaintiff alleges the Defendants delayed diagnosis and treatment for a brain tumor at Illinois River Correctional Center.  Based on the Defendants' conduct, Plaintiff claims Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition, and committed the state law tort of negligence.

Defendants have filed a Motion to Dismiss both Plaintiff's *respondeat superior* claims against Wexford and Plaintiff's Eighth Amendment claims against Defendants Nurse Phillips, and Dr. Osmundson for failure to allege actual knowledge of a serious medical condition.

1

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). "To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing (he) is entitled to relief and giving the defendants fair notice of the claims." *Robb v. Board of Trustees of Community College District No. 505 (Parkland College) Counties of Champaign*, 2019 WL 1966090, at *1 (C.D.Ill. May 2, 2019), *citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The Court also construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

Nonetheless, the complaint must set forth facts that plausibly demonstrate a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. *Id.*

Therefore, a motion pursuant to Rule 12(b)(6) "should be granted only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) *quoting N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## III. MOTION TO DISMISS

Defendants argue Plaintiff cannot hold Wexford liable for the actions of its employees based on a *respondeat superior* theory of liability. The Supreme Court has held a local governmental body cannot be held vicarious liability for the constitutional violations of its employees. *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978). Instead, it can only be liable under Section 1983 if the government's policy or custom caused the violation. *Id.*at 694. This holding has been extended to private corporations such as Wexford. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Iskander v. Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982).

Plaintiff points to a Seventh Circuit case noting compelling public policy reasons to overrule this finding. *Shields,* 746 F.3d at 794-95. Nonetheless, Plaintiff points only to dicta in *Shields v. Illinois Department of Corrections,* a case which also specifically held: "For now, this circuit's case law still extends *Monell* from municipalities to private corporations." *Shields,* 746 F.3d at 796; *see also Smith v. Coe*, 2018 WL 6075417, at *1–2 (S.D.Ill. Nov. 21, 2018)(*Shields* did not overrule prior case law); *Peters v. Butler*, 2019 WL 1304223, (S.D.Ill. March 21, 2019)(granting motion to dismiss *respondeat superior* claims against Wexford); *Dorsey v. Obaisi*, 2019 WL 1254896, at *4 (N.D.Ill. March 19, 2019)(same).

Therefore, the Defendants' Motion to Dismiss the *respondeat superior* claims against Wexford in Counts II and III of the Complaint is granted. Plaintiff may proceed with his official capacity claim against Wexford based on a policy or practice of delaying or denying medical care to inmates. *See (*Comp., Count I, p. 7-9).

Defendants next argue Plaintiff has not adequately alleged Defendant Dr. Kurt Osmundson and Nurse Ashley Phillips had actual knowledge Plaintiff faced a substantial risk of serious harm. Instead, Plaintiff alleges each Defendant "actually knew or reasonably should have known" of Plaintiff's serious medical need. (Comp., Count II, p. 10; Count III, p. 12).

This is not the only allegation in Plaintiff's complaint. Instead, Plaintiff provides a factual basis outlining his frequent complaints, medical history, symptoms, and contacts with medical staff. *See* (Comp., p. 3-7). Plaintiff then points to specific incidents to support his claim of deliberate indifference. *See* (Comp., Count II, p. 10-11); Count III, p. 12). For the purposes of notice pleading only, Plaintiff has provided enough information to allow the Court to reasonably infer the Defendants had sufficient knowledge of his condition. The Motion to Dismiss the claims against Defendants Dr. Osmundson and Nurse Phillips is denied.

IT IS THEREFORE ORDERED:

1) The Medical Defendants Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted in part and denied in part as outlined in this order. [23].

2) Plaintiff's *respondeat superior* claims against Wexford Health Sources, Inc. are dismissed without prejudice.

ENTERED this 8th day of July, 2019.

        s/ James E. Shadid
_____
          JAMES E. SHADID
   UNITED STATES DISTRICT JUDGE